UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILMAR NASH,

    Plaintiff,

v.

    Case No. 1:15-cv-199

    HON. JANET T. NEFF

JOSEPH M. UNDERWOOD, JR., et al.,

    Defendants.

_____/

**OPINION AND ORDER**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. The matter is before the Court on Plaintiff's unopposed Motion to Amend [First Amended] Complaint to Add Parties (Dkt 70) and a Joint Motion for Scheduling Conference pursuant to FED. R. CIV. P. 16 (Dkt 72). Having fully considered the motion papers and the case circumstances, the Court will deny both motions.

**I. Applicable Law**

Plaintiff is no longer eligible to amend his First Amended Complaint as a matter of course; rather, he can amend his complaint only by leave of the Court. FED. R. CIV. P. 15(a)(2). A court has discretion to grant or deny a motion for leave to amend under FED. R. CIV. P. 15(a)(2). *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013). The following factors are relevant to the court's consideration: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). When a party seeks to amend its complaint at a late stage of the

litigation, "there is an increased burden to show justification for failing to move earlier." *Id.* at 459. Although the Rule directs that leave to amend "shall be freely given when justice so requires," the Sixth Circuit has instructed that "the party requesting leave to amend must 'act with due diligence if it wants to take advantage of the Rule's liberality.'" *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citation omitted).

Further, "a motion to amend that is filed after the expiration of the amendment deadline set in the case management order must satisfy the stricter requirements of Rule 16(b) as well as the requirements of Rule 15(a). 'Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).'" *Edwards v. Grand Rapids City. College*, No. 09–1067, 2010 WL 2163823, at *2 (W.D. Mich. May 27, 2010) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). A court's case management order is not "a meaningless piece of paper that a party may ignore at his whim," and a party seeking relief from a case management order must show good cause for failing to act within the time frame set forth in the order. *Id.*

## II. Discussion

The Court is not persuaded that Plaintiff meets the increased burden in this case. Plaintiff initiated this case on February 24, 2015 against Sheriff Joseph M. Underwood; Cass County; Glenda Rogers, RN, BSN; Officer Paul Diaz; Sergeant Todd Johnson; Sergeant Roger Jackson; Deputy (First Name Unknown) Fogg; and Officer (First Name Unknown) Shoup (Dkt 1). Plaintiff claims that Defendants exhibited deliberate indifference to his serious medical condition when he was incarcerated at the Cass County Jail from September 15, 2014 to September 20, 2014 (Joint Status Report, Dkt 11 at PageID.87). After Defendants answered Plaintiff's Complaint, this Court held a

Scheduling Conference with counsel on May 6, 2015. This Court subsequently issued a Case Management Order (CMO, Dkt 13), which, in pertinent part, set forth the following deadlines:

| | |
|---|---|
| Motions to Join Parties or Amend Pleadings | June 10, 2015 |
| Rule 26(a)(1) Disclosures | June 10, 2015 |
| Disclosure of Expert Witness Reports | November 6, 2015 (Plaintiff) <br> December 6, 2015 (Defendants) |
| ADR | January 6, 2016 |
| Completion of Discovery | February 6, 2016 |
| Pre-motion Conference Requests | March 6, 2016 |
| Settlement Conference | November 3, 2016 |
| Final Pretrial Conference | January 9, 2017 |
| Jury Trial | January 23, 2017 |

On June 2, 2015, pursuant to a stipulation from defense counsel, Plaintiff filed his First Amended Complaint, identifying the first names of Defendants Fogg and Shoup (Dkt 20). Plaintiff's counsel indicated that at the time he filed his initial Complaint, he "lacked certain information to name defendants, and make complete allegations in his complaint" (Dkt 18 at PageID.112). However, "[u]pon receiving Answers to the Complaint from counsel representing defendants, plaintiff's counsel now has the additional information needed to appropriately identify claims of negligence against defendants" (*id.*). Plaintiff also decided to omit his claims under the Fourth and Fifth Amendments (*id.*). The Court granted the stipulation (Dkt 19). The deadline for motions to join parties or amend pleadings subsequently passed.

The parties engaged in discovery throughout the summer of 2015. On September 18, 2015, the parties requested extensions of the deadlines in the CMO for disclosing their expert witness reports (Dkt 35). The Court granted their request (Dkt 36).

3

On December 4, 2015, the parties requested a further extension of the deadline for expert witness reports as well as other new proposed deadlines (Dkt 53), as follows:

|  | CMO (Dkt 13) | Proposed Date |
| --- | --- | --- |
| Disclosure of Expert Witness Reports (Plaintiff) | November 6, 2015; extended to January 6, 2016 | May 6, 2016 |
| Disclosure of Expert Witness Reports (Defendants) | December 6, 2015; extended to February 8, 2016 | April 15, 2016 |
| Completion of Discovery | February 6, 2016 | April 15, 2016 |
| Completion of Expert Discovery | not specified | August 31, 2016 |
| ADR | January 6, 2016 | April 30, 2016 |

The parties also requested that the Court adjust "all other deadlines ... in terms of the time periods required for pre-motion conference requests and settlement conference, final pretrial conference and trial dates" (*id.*).

The Court noticed a status conference with counsel for January 11, 2016 to discuss their filing. After hearing from counsel at the status conference, the Court granted the parties their new proposed dates and extended the Pre-Motion Conference Request deadline to May 31, 2016; however, the Court declined to alter the settlement conference, final pretrial conference or trial dates (First Amend. CMO, Dkt 61). The parties subsequently participated in facilitative mediation on February 29, 2016 and scheduled a continuing mediation session for May 19, 2016 (Dkt 66; Dkt 72 at Page ID.325).

On April 6, 2016, Plaintiff filed the instant Motion to Amend [First Amended] Complaint to Add Parties (Dkt 70), seeking to file a Second Amended Complaint that adds four more correction officers as defendants to this case: three people who worked in booking on September 19, 2014 and

one person who worked in control on September 19, 2014. The parties also filed a Joint Motion for Scheduling Conference pursuant to FED. R. CIV. P. 16 (Dkt 72).

Again, as a prerequisite for leave to add new parties to this case after the June 10, 2015 deadline established with counsel in the Court's case management order (Dkt 13), Plaintiff must establish good cause for his failure to abide by the deadline. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).

Plaintiff's motion does not invoke Rule 16 nor expressly assert any good cause for failure to name the additional four defendants within the time set by the case management order. Plaintiff appears to assert that the roles of the four proposed defendants only became clear following discovery. According to Plaintiff, the depositions, discovery documents and interview of another inmate "generated new, material information that compel Plaintiff to seek leave to add the aforementioned corrections officers as defendants in this action" (Dkt 70 at PageID.301-302).

However, Plaintiff's presence in the booking area of the Cass County Jail is not a "new" fact. In his original February 24, 2015 complaint, Plaintiff alleged that "at approximately 5:15 p.m. on September 19, 2014, Plaintiff Nash was moved from his unit to Room 504 (booking) for observation" (Dkt 1, Compl. ¶ 23). Plaintiff alleged that "there was no observation performed with regard to Plaintiff Nash for the next 3 hours until Plaintiff was moved from Room 504 to Room 704" (*id.* ¶ 24). The Court discerns that the information needed to form a basis for adding the proposed defendants was available to Plaintiff, or would have been, with due diligence. To that end, the Court points out that since filing his Complaint, Plaintiff has developed his claims and modified his

pleadings. And, despite concerns about undue delay in resolving the claims presently before the Court, the Court has accommodated the parties' continuing revisions well beyond the initial deadlines set in May 2015. As evidenced by the accompanying motion for another scheduling conference, adding four more defendants at this late date would require that substantial discovery be revisited and would result in another substantial delay to dispositive motion practice and a trial in this case.

For these reasons, the Court determines that Plaintiff's instant request to add more defendants approximately sixteen months after he initiated this case, near the close of discovery and well past the time frame set forth in the Court's order, has simply not been justified under the relevant Federal Rules of Civil Procedure. The Court, in its discretion, will therefore deny the motion to file a Second Amended Complaint as well as the motion for another Rule 16 scheduling conference.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's unopposed Motion to Amend [First Amended] Complaint to Add Parties (Dkt 70) is DENIED.

**IT IS FURTHER ORDERED** that the Joint Motion for Scheduling Conference pursuant to FED. R. CIV. P. 16 (Dkt 72) is DENIED.

Dated: April 18, 2016            /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge